## GIBSON *v.* STONE *et al.*

GRICE, Justice. A clause in a deed from Sidney B. Stone to Thomas A. Stone, in trust for his wife, Margaret A. Stone, reads as follows: "In trust, nevertheless, for the sole and separate use of the said Margaret Ann Stone, wife of the said Thomas A. Stone, for and during her natural life, and after her death to such children as she may leave *living at the time of her death,* share and share alike; and if she shall die leaving no children living at the time of her death, then to the said Thomas A. Stone; or if the said Thomas A. Stone should die before the said Margaret A. Stone, *then to her heirs at law,* with power to the said Margaret A. Stone to empower the said Thomas A. Stone by writing under her hand and seal to sell any part or the whole of the said trust estate and to reinvest the proceeds in such other property, subject to the above-described trust, as he shall deem best for the interest of said trust estate." (Italics supplied.) At the date of the death of Margaret A. Stone there were but two living children, Miss Lola Stone and A. C. Stone. The life-tenant survived the husband. *Held:*

1. The plaintiff in error, a daughter of a child of the life-tenant who was not in life at the date of the life-tenant's death, took no interest in the property.
2. The special grounds of the motion for new trial were without merit.

*Judgment affirmed. All the Justices concur.*

No. 12760. MAY 10, 1939. REHEARING DENIED JUNE 19, 1939.

*J. H. Felker,* for plaintiff. *Roberts & Roberts,* for defendants.